IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| MARY QUEEN ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. TMD 10-3364M |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Mary Queen ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and Title XVI and of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c).  Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 15) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 20).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed her applications for DIB and SSI on September 17, 2007 alleging disability since September 10, 2007 on the basis of right knee injuries. R. at 74-84, 104. Her claims were denied initially and on reconsideration. R. at 54-61, 64-67.  On December 1,

2009, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a Vocational Expert ("VE") testified. R. at 24-49. In a decision dated December 23, 2009, the ALJ denied Plaintiff's request for benefits. R. at 7-19. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-5.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI used the sequential processes set forth in 20 C.F.R. § 404.1520 and § 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: osteoarthritis of the right knee, status post right knee arthroscopy. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given her Residual Functional Capacity ("RFC") Plaintiff was capable of performing her past relevant work. Alternatively, at step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 10-19.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

2

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

IV. Discussion

Plaintiff argues that the ALJ erred in (1) finding that Claimant was capable of performing her past relevant work; and (2) failing to ask the VE about possible conflicts between the vocational evidence provided and the Dictionary of Occupational Titles ("DOT")

A.   Past Relevant Work

Plaintiff argues that the ALJ erred in finding she could perform her past relevant work because the ALJ found that she was only capable of *less than a full range* of light work and her past relevant work was described simply as light. "Light work" is defined in the regulations as follows:"(b) *Light work*. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing,

3

or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 CFR § 404.1567. Accordingly, the ALJ found that because Claimant was not capable of doing substantially all of these activities, she was only capable of *less than* a full range of light work.

In his opinion, the ALJ stated:

> [t]hat the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). She can sit for a total of six hours in an eight-hour workday, and can stand and/or walk for a total of four hours in an eight hour workday. She requires the option to alternate between sitting and standing such that not more than a half an hour is required to either sit or stand at any one period. As a precautionary measure, she cannot climb ladders, ropes or scaffolds; be exposed to hazardous heights or moving machinery; or be exposed to extreme temperature changes. She can occasionally climb stairs and ramps, balance, stoop, and crouch; she cannot kneel or crawl. She cannot lift or carry above shoulder level, or perform work that requires the use of push/pull controls with her legs. She must avoid concentrated exposure to excessive vibration, humidity or wetness. She experiences a moderate degree of pain. She has moderate limitations as to performing activities within a schedule and maintaining regular attendance for reliability purposes, and being punctual within customary tolerances, and as to completing a normal workday and workweek without an unreasonable length and number of rest periods.

R. at 13. The ALJ indicated that Claimant is capable of performing her past relevant work as a fast food worker, cashier stocker and housekeeper as "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." R. at 17. At the hearing, the VE testified that all three jobs are classified at the light exertional level. R. at 45. There was no other specific information about these jobs so the Court is left to conclude that they would require the full range of

4

light work.  Therefore, the Court agrees with the Plaintiff that there is an inherent conflict between the ALJ's RFC finding and the classification of Claimant's past relevant work.  The Court rejects the Commissioner's argument which, in effect, asserts that Plaintiff really is capable of performing a full range of light work.  Def.'s Mot. Summ., at 9.  Simply stated, that was **not** the ALJ's finding.  Accordingly, the Court cannot say that the ALJ's finding that Claimant could perform her past relevant work is supported by substantial evidence.

However, the ALJ proceeded to step five finding that there are other jobs existing in the national economy that she could perform.  Accordingly, if the Court upholds the ALJ's finding at step five of the sequential evaluation, any error at step four is harmless. *See Ngarurih v. Ashcroft,* 371 F.3d 182, 190 n. 8 (4th Cir.2004) ("While the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained, reversal is not required when the alleged error clearly had no bearing on the procedure used or the substance of the decision reached.") (citations and internal quotation marks omitted); *Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir.2004) (noting that the principle of harmless error applies to Social Security disability cases).

Plaintiff argues that the ALJ erred by failing to ask the VE if her opinion conflicted with information provided in the DOT.  For purposes of step five, the ALJ asked the VE a series of hypotheticals.  The VE testified that based on the Claimant's age, education, work experience and RFC, she could perform the following jobs: small

product assembler, DOT # 739 687 030; non postal mail clerk, DOT # 209 687 026, office helper, DOT # 239 567 010, food and beverage order clerk, DOT # 209 567 010, surveillance system monitor, DOT # 379 367 010 and addressor, DOT # 209 587 010. R. at 47-48. The VE also testified that the position of small product assembler would be eliminated if a sit/stand option would be required as the ALJ ultimately found with respect to Claimant's RFC. The VE further testified that the first three occupations are classified at the "light" level while the last three are classified as "sedentary." *Id*.

> SSR 00-4p provides in pertinent part:
>
> When a [vocational expert ("VE") ] ... provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE ... evidence and information provided in the [Dictionary of Occupational Titles ("DOT") ]. In these situations, the adjudicator will:
>
> Ask the VE ... if the evidence he or she has provided conflicts with information provided in the DOT; and
>
> If the VE's ... evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.
>
> When vocational evidence provided by a VE ... is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE ... evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

Here, the ALJ clearly asked the VE to "address the issue of consistency with the DOT in light of the fact that the DOT does not provide for a sit/stand option." R. at 47. The VE testified that her "testimony about the sit/stand option is based on [her] experience as this is not addressed in the

DOT." R. at 48-49. The Court finds that the ALJ satisfied his duty under SSR 00-4p by asking the VE about inconsistencies with the DOT. The VE responded that her testimony about the sit/stand option not addressed in the DOT was based on her experience. *See Thompson v. Astrue,* C.A. No. 2:09-497, 2010 WL 2640181, at *5 (D.S.C. June 28, 2010) (" Here, the ALJ resolved the conflict between the DOT and Claimant's need for a sit/stand option by having the vocational expert explain that, through his personal observations of the cited jobs, Claimant would be able to perform them because those jobs accommodate a sit/stand option. Here, the ALJ resolved the conflict between the DOT and Claimant's need for a sit/stand option by having the vocational expert explain that, through his personal observations of the cited jobs, Claimant would be able to perform them because those jobs accommodate a sit/stand option.").[1]

      Plaintiff argues that the VE did not specifically testify as to the conflicts with respect to

---

[1] The Court is mindful of the fact that because the DOT does not even address the sit/stand option, it is arguable whether a "conflict" even exists. *See Thompson v. Astrue,* Civil Action No. 8:09-01968-JFA-BHH, 2010 WL 3878729 at * 5 (D.S.C. June 16, 2010) And, indeed, there *could* be no apparent conflict as the *DOT* does not discuss the availability of a sit/stand option sit/stand option. The common definition of "to conflict" is "to show antagonism or irreconcilability." *Merriam-Webster's Online Dictionary,* http://www.merriam-webster .com/ dictionary/conflict . Because the *DOT* does not address the availability of a sit/stand option, it was perforce not irreconcilable with the VE's testimony."); *Zblewski v. Astrue,* 302 Fed. App'x 488, 494 (7th Cir.2008) ("Because the DOT does not address the subject of sit/stand options, it is not apparent that the [sit/stand testimony conflicts with the DOT."); *Corbett v. Barnhart,* No. 1:04cv241, 2006 WL 5527015, at *62 (N.D.W.Va. Mar.24, 2006) (finding that "the lack of a sit/stand option in the DOT does not conflict with the VE's testimony that certain jobs would be available with a sit/stand option in the national economy"); *Melvin v. Astrue,* No. 1:08CV264-SAA, 2010 WL 908495, at *4 (N.D.Miss. Mar.9, 2010) ("That the DOT does not specifically describe a 'sit/stand option' does not necessarily create in inherent conflict"; thus, ALJ properly relied on VE's testimony).

the remaining testimony. The ALJ clearly found this to be the case. *See* R. at 18.[2]  While the Court acknowledges that the preferred avenue would have been a specific statement from the VE that the remainder of the testimony does not conflict with the DOT, the Court agrees with the ALJ and finds this necessarily by implication. Moreover, the Court rejects Plaintiff's argument that this is more than "harmless error" because three of the jobs were identified as light jobs while Plaintiff could only perform less than a full range of light work. The hypothetical provided to the VE was based on an individual with Claimant's RFC. Therefore, the VE specifically considered her limitations; and nevertheless found her capable of performing those jobs. The fact that the ALJ found her capable of performing less than a full range of light work in no way eliminates every occupation listed in the DOT at the light exertional level. This is distinct from the issue above where the only evidence regarding Claimant's past relevant work was at the light level—with no further specifics. Rather, at this juncture, the ALJ did not err by relying on the VE testimony which was based on hypotheticals fairly setting out Claimant's impairments. *See Walker v. Bowen*, 889 F.2d 47, 50-51 (1989) ("In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments.").

V. Conclusion

  Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A

---

[2] The Court rejects Plaintiff's argument that if she could perform sedentary work, the guidelines would have directed a finding of disabled. Plaintiff was found to be capable of *more than*

separate order shall issue.


Date: March 22, 2012                     _____/s/_____
                                         THOMAS M. DIGIROLAMO
                                         United States Magistrate Judge


Copies to:
Tracey N. Pate
Disability Associates, LLC
1226 Race Rd., Suite B
Baltimore, MD 21237


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

---

sedentary work.